**Balvir SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72729.

United States Court of Appeals, Ninth Circuit.

---

\* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 5, 2009.*

Filed May 7, 2009.

Tsz–Hai Huang, Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Lisa W. Edwards, Mark L. Gross, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS and TALLMAN, Circuit Judges, and SINGLETON,** Senior District Judge.

## MEMORANDUM ***

Petitioner Balvir Singh ("Singh") seeks review of the Board of Immigration Appeals' decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. We are bound to accept an adverse credibility determination if at least one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). Inconsistencies in an alien's testimony go to the heart of the asylum claim if they relate to the events leading up to the petitioner's departure and the reasons why the petitioner fled.

*Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Here, Singh testified inconsistently at his asylum hearing regarding several matters which pertain to the heart of his claim: (1) whether the year of his last arrest was immediately prior to his departure from India or a year earlier; (2) whether the length of his second arrest was three, fourteen or nineteen days, and (3) whether the police put salt or a red powder on his wounds and whether this occurred during his first or second detention.

Singh's testimony also conflicted in many respects with answers previously given during his asylum interview. Although given an opportunity to explain the conflicting statements, Singh could not. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004). The record does not compel the conclusion that Singh was credible, and he therefore cannot establish eligibility for asylum.

Because Singh's claims for withholding of removal and relief under CAT are based on the same statements that the IJ determined not to be credible, we must deny his petition as to those claims as well. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.